UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


BIMLA W. BOYD,                                    Case No. 6:12-cv-01511-HA

                  Plaintiff,                      OPINION AND ORDER

        v.

COMMISSIONER SOCIAL
SECURITY ADMINISTRATION,

                  Defendant.
_____

HAGGERTY, District Judge:

        Plaintiff Bimla W. Boyd seeks judicial review of a final decision by the Commissioner of

the Social Security Administration denying her applications for Supplemental Security Income

(SSI) and Disabled Widow's Benefits (DWB).  This court has jurisdiction to review the

Commissioner's decision under 42 U.S.C. § 405(g).  After reviewing the record, this court

concludes that the Commissioner's decision must be REVERSED and REMANDED for further

proceedings.

OPINION AND ORDER - 1

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it

OPINION AND ORDER- 2

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The

Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the

Commissioner's decision must be upheld in instances where the evidence supports either

outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision, the decision must be set aside. *Id.* at 720.

## BACKGROUND

Plaintiff was born on October 1, 1956. She previously received disability benefits

beginning in 1995. She was originally granted benefits secondary to an affective disorder and

had been recommended for a disability review as she was expected to improve. Tr. 22.[1] In 2002

her benefits were terminated due to her incarceration. She protectively filed the current

applications for benefits on February 11, 2008, alleging a disability onset date of October 1, 1995

based on a number of impairments, including: bipolar disorder, depression, panic disorder,

personality disorder, fibromyalgia, lumbar degenerative disc disease, bilateral knee degenerative

disc disease, peripheral neuropathy, status post gastric bypass, obesity, and diabetes. Her

applications were denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on April 8, 2010. The ALJ

heard testimony from plaintiff, who was represented by counsel; plaintiff's friend and caretaker;

and an independent vocational expert (VE). On September 30, 2010, the ALJ issued a decision

finding that plaintiff is not disabled within the meaning of the Social Security Act. First, the ALJ

found that plaintiff met the non-disability requirements for DWB through February 28, 2011. Tr.

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

18, Findings 1-2.   Second, the ALJ concluded that plaintiff has not engaged in SGA since her

alleged onset date. Tr. 18, Finding 3.   Third, the ALJ found that plaintiff suffers from the

following severe impairments: depression, panic disorder NOS, personality disorder, mild lumbar

degenerative disc disease, mild bilateral knee degenerative joint disease, fibromyalgia, status post

gastric bypass surgery, obesity, bipolar disorder, rule-out undifferentiated somatoform disorder,

and diabetes mellitus II with history of peripheral neuropathy.  Tr. 18, Finding 4.   However, the

ALJ concluded that those impairments did not meet or equal a listed impairment in 20 C.F.R.

Part 404, Subpart P, Appendix 1.  Tr. 19, Finding 5.  The ALJ concluded that plaintiff has the

RFC to lift and carry up to twenty pounds occasionally and up to ten pounds frequently, sit for

six hours per eight-hour work day, and stand and/or walk for up to four hours in an eight-hour

work day. Tr. 20, Finding 6.  Additionally, the ALJ found that plaintiff has certain postural

limitations, should avoid work place hazards such as heights and moving machinery, and is

limited to performing simple, repetitive, routine tasks that do not involve any more than

occasional contact with the public or co-workers.  *Id.*  Based on plaintiff's RFC and testimony

from the VE, the ALJ determined that plaintiff is able to perform work existing in significant

numbers in the national economy. Tr. 27, Finding 11.  Therefore, the ALJ concluded that

plaintiff is not disabled.

## DISCUSSION

Plaintiff contends that (1) the ALJ erred in rejecting the opinions of Dr. Mark

Dukeminier, M.D. and Dr. DeWayde Perry, M.D.; (2) the ALJ erred in evaluating plaintiff's

mental impairments; (3) in the alternative, post-hearing treatment records submitted to the

appeals council support plaintiff's claims of disabling mental impairments; and (4) the ALJ failed

OPINION AND ORDER- 4

to prove that plaintiff retains the ability to perform work in the national economy.

### (1) Physician's Opinions

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester v. Chater*, 81 F.3d 821, 832-33 (9th Cir. 1995) (citation omitted).

The opinion of a non-examining physician alone cannot constitute substantial evidence that justifies the rejection of the opinion of a treating physician. *Id.* at 831 (citations omitted). However, the ALJ may reject a treating physician's opinion in cases in which objective test results, reports from other physicians, testimony from the claimant, or other evidence conflicts with the opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *see also Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (holding that an ALJ may reject a treating physician's opinion that is unsupported by medical findings, personal observations, or objective testing). A physician's disability opinion may be disregarded if it is premised upon the claimant's subjective symptoms and limitations that were properly discredited. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted).

In this matter, plaintiff contends that the ALJ erred in rejecting the opinions of treating physicians Drs. Dukeminier and Perry. Doctor Dukeminier wrote a letter opining that plaintiff was unable to engage in full-time employment as a result of her chronic pain syndrome and

multiple mental health diagnoses. The ALJ rejected his opinion because of the short duration of his treatment relationship with plaintiff, because his opinion was based on plaintiff's subjective complaints (which were properly discredited) and was inconsistent with clinical findings, and because Dr. Dukeminier did not conduct a mental health evaluation.

Because it appears Dr. Dukeminier's opinion is contradicted, the ALJ need only provide specific and legitimate reasons for rejecting his opinion. Nevertheless, this court finds that the ALJ provided clear and convincing reasons for rejecting Dr. Dukeminier's opinion. In particular, the ALJ rejected his opinion because it was contradicted by the objective medical evidence, was unsupported by clinical corroboration, and because he did not conduct a mental health evaluation. In fact, the mental health assessment referenced in Dr. Dukeminier's disability letter (and upon which he apparently relied) was conducted by a Qualified Mental Health Professional (QMHP), was based entirely on plaintiff's subjective complaints, and was unsupported by any objective testing. The QMHP's assessment was properly rejected by the ALJ as was Dr. Dukeminier's opinion. While the ALJ provided valid reasons for rejecting Dr. Dukeminier's opinion, he also provided invalid reasons for doing so. In particular, his rejection of Dr. Dukeminier's opinion on the basis that it relied on plaintiff's subjective complaints was improper as Dr. Dukeminier explicitly noted that plaintiff was an unreliable historian. As such, it is unreasonable to presume that Dr. Dukeminier's opinion was based on what he viewed as unreliable subjective complaints. However, because the ALJ also provided valid reasons for rejecting Dr. Dukeminier's opinion, this error was harmless.

The ALJ gave little weight to Dr. Perry's consultative examination report in which he opined that plaintiff could be expected to stand and walk for up to two hours in an eight-hour

OPINION AND ORDER- 6

work day and sit for up to four hours in an eight-hour work day. Tr. 1475-76. The ALJ rejected

Dr. Perry's opinion because it was based on subjective complaints, because plaintiff did not

cooperate during the examination, because plaintiff was able to sit comfortably during the thirty-

five minute examination and was able to get on and off the examination table without difficulty.

However, the ALJ completely ignored Dr. Perry's objective findings. The ALJ also ignored the

fact that his conclusions regarding her functional limitations were "based on both subjective and

objective findings" and that although not prescribed, the use of a cane by plaintiff "is medically

necessary based on findings." Tr. 1475-76. In light of these findings, and the fact that Dr. Perry

was able to conduct objective testing despite plaintiff's reluctance, the ALJ's reasons for

discounting his opinion were largely irrelevant.

### (2) Plaintiff's Mental Impairments

Plaintiff contends that the ALJ erred in evaluating her mental impairments by failing to

include limitations in her RFC consistent with the recommendations of Dorothy Anderson, Ph.D.

and because plaintiff interprets the medical evidence related to her incarceration differently than

the ALJ. Plaintiff contends that the ALJ should have included Dr. Anderson's recommendation

that she receive "supportive lay supervision (not overly harsh, highly critical)." Tr. 945. As

defendant correctly responds, the psychologist's recommendation regarding "supportive"

supervision does not constitute a limitation that must be incorporated into the RFC and the ALJ

need not discuss every piece of evidence in the record. *Valentine v. Comm'r of Soc. Sec. Admin.*,

574 F.3d 691-92 (9th Cir. 2009). Plaintiff's alternative position regarding the medical evidence

related to plaintiff's incarceration is just that, an alternative interpretation, and cannot form the

basis for this court to overturn the ALJ's decision.

OPINION AND ORDER- 7

Plaintiffs remaining arguments, that post-hearing evidence regarding plaintiff's alleged Factitious Disorder explains the distortion and exaggeration in plaintiff's subjective complaints and that the ALJ failed to carry his burden at Step Five will not be discussed at length. The first does not establish that plaintiff does or does not retain the ability to perform work in the national economy and the second is based on the premise that opinions of Drs. Dukeminier and Perry be credited as true. As discussed above, the ALJ properly rejected the opinion of Dr. Dukeminier and although the ALJ erred in rejecting Dr. Perry's opinion, the remainder of the ALJ's conclusions are supported by substantial evidence and Dr. Perry's opinion is contradicted. *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003). Accordingly, the court finds that the matter should be remanded in order to allow the ALJ to specifically address Dr. Perry's objective findings to determine whether plaintiff is disabled. Upon remand, the ALJ may also consider any new evidence submitted by plaintiff regarding her alleged impairments, including her Factitious Disorder.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In this matter, the court concludes that a remand is appropriate in order to allow an ALJ to consider Dr. Perry's objective findings as well as new evidence regarding plaintiff's alleged impairments.

/ / / /

/ / / /

OPINION AND ORDER- 8

**CONCLUSION**

For the reasons provided, this court concludes that the decision of the Commissioner denying Bimla W. Boyd's applications for SSI and DWB must be REVERSED and REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 24 day of September, 2013.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 9